FILED
COURT OF APPEALS
DIVISION II

2013 MAR -5 AM 9: 25

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42704-4-II |
| Respondent, | |
| v. | |
| DANNY L. RICHARDS, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Danny Richards appeals from the denial of his motion to modify his sentence to a Drug Offender Sentencing Alternative (DOSA) sentence. We affirm.[1]

## FACTS

On February 28, 2011, Richards pleaded guilty to a felony violation of a domestic violence court order. He requested a DOSA sentence, which the State opposed. The trial court denied his request, noting the following concerns:

> THE COURT: Okay. You know, I'll tell you, Mr. Richards, I went round and round in my head on this one. I looked at this because I saw that there was going to be a recommendation for the DOSA and I looked at your criminal history and you do have a drug addicted history. But the concern the Court had is, you had opportunities to do the drug/alcohol evaluation and treatment in the past.
> DANNY RICHARDS: I did go to intensive outpatient at Olympia Work Release. I was kicked out because I relapsed.
> THE COURT: I mean you have a—no doubt you have a serious problem, but you also have an issue with being able to follow through on court directives. The willful failure to return from work, prior warrants tell the Court that, and then this particular case is a failure to follow through with the no contact order. And in order to get a compliance with a DOSA there is a lot of obligations you have to follow through on and the Court's concerned in giving you that you are not going to follow through on them. That in combination the fact that it's not a drug case is why the Court—and this Court will indicate I won't go for the DOSA at this point. The Court has to sentence you under that for then 60 months.

---

[1] A commissioner of this court initially considered Richards's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

Report of Proceedings (RP) (Mar. 14, 2011) at 11-12.

On August 22, 2011, Richards filed a motion to modify his sentence under CrR 7.8. He contended that he had new evidence that he had a "strong history of completing programs." Clerk's Papers at 11. He submitted documentation of having (1) completed his GED, (2) completed community college courses and programs, and since being confined, had (3) attended support groups, (4) provided volunteer services and (5) worked in the law library. He asked that he be resentenced to a DOSA sentence. The court denied his motion, noting that:

> I think that you show some characteristics [of completing programs] now but I can't go back and re-visit [the sentence] based on what you are now doing.
> Alright, so, legally the Court – what you've provided isn't enough of a basis for the Court to go back and revisit your sentence, alright. So, I have to deny your request.

RP (Sep. 12, 2011) at 22-23.

## ANALYSIS

Richards argues that the trial court abused its discretion in denying his motion to modify his sentence to a DOSA sentence. Under CrR 7.8(b)(2), the court can modify a sentence upon a showing of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [CrR] 7.5." "A trial court may not modify a sentence merely because it appears, with hindsight, that the original sentence was inappropriate." *State v. Dalseg*, 132 Wn. App. 843, 861-62, 134 P.3d 261 (2006). Richards does not show that the documentation he submitted meets the standard of CrR 7.8(b)(2). His completion of community college coursework could have been provided with due diligence at his sentencing. His subsequent participation in programs and activities while incarcerated do not constitute newly discovered evidence because they do not demonstrate his ability to comply with court-ordered

obligations when not incarcerated. Richards does not show that the court abused its discretion in denying his request that he be resentenced to a DOSA sentence.

Richards filed a statement of additional grounds that raised two grounds. First, he contends that the trial judge should have recused herself because she had been the prosecutor in a case against him in 2002. But there is no evidence in the record that he ever requested that the judge recuse herself. Second, he contends that he was wrongfully charged with a felony because some of his prior convictions involved no-contact orders from 19 and 21 years ago. But he does not demonstrate that he has had five consecutive crime-free years since a release from total confinement, so none of his prior convictions for violations of no-contact orders wash out under RCW 9.94A.525(2)(c). And contrary to his belief, there is no ten-year statute of limitations on the use of prior convictions to enhance a violation of a domestic violence court order to a felony.

We affirm the denial of Richard's motion to modify his sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Quinn-Brintnall, J.

Johanson, A.C.J.

3